## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD LIEBERMAN, as an individual and           :
as Trustee of the Richard Lieberman, M.D. APC     :
Defined Benefit Pension Plan,                     :
                                                  :
                       Plaintiff,         :
                                                  :
                   v.                 :      CIVIL ACTION NO.
                                                  :      2:10-cv-01027-WY
HAWK MANAGEMENT, L.P., HWC LLC,                   :
DAVID S. CALLAN, and RICHARD                      :
SCOTT WILLIAMS,                                   :
                                                  :
                   Defendants.        :

## ANSWER TO THE COMPLAINT

       Defendants, Hawk Management, L.P., HWC LLC, David S. Callan, and Richard Scott Williams (collectively, "Defendants"), by and through their counsel, hereby answer and affirmatively defend as follows:

       1.       Denied.  It is specifically denied that Defendants told Dr. Lieberman that he "could voluntarily withdraw from the Fund" at his sole discretion, as such withdrawals are subject to the constraints of the governing documents.  To the extent this paragraph makes allegations regarding the investment documents, the allegations are denied as the investment documents are writings which speak for themselves.  It is specifically denied that Defendants have used Dr. Lieberman's funds for "their own investment plans."  The remainder of this paragraph sets forth conclusions of law, to which no response is required.

## THE PARTIES, JURISDICTION, AND VENUE

       2.       Admitted.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted in part, denied in part.  It is admitted that Mr. Williams and Mr. Callan are the sole members of HWC.  After reasonable inquiry, it is unknown to Defendants what Plaintiff means by "control and direct," and therefore, Defendants do not have information sufficient to admit or deny the allegations, and thus, the allegations are denied.

9.      Admitted.

10.      Denied.  It is specifically denied that Mr. Williams and Mr. Callan are the alter egos of Hawk Management and HWC, and that HWC is the alter ego of Hawk Management.  It is further denied that Mr. Williams and Mr. Callan have used  and use Hawk Management and HWC for their own benefit or have treated the assets of the Fund as their own.  By way of further answer, the paragraph contains conclusions of law to which no response is required.

11.      Admitted.

12.      Admitted.

## BACKGROUND

13.     Admitted in part, and denied.  It is admitted that Dr. Lieberman began discussing his potential participation in the Fund with Mr. Callan in 2005.  To the extent this paragraph makes allegations regarding the Confidential Private Placement Memorandum, the Limited Partnership Agreement, and Subscription Agreements, the allegations are denied as the documents are writings which speak for themselves.

14.     Denied.  The Limited Partnership Agreement is a document which speaks for itself.

15.     Denied.  The Limited Partnership Agreement is a document which speaks for itself.

16.     Denied.  The Limited Partnership Agreement is a document which speaks for itself.

17.     Denied.  The Limited Partnership Agreement is a document which speaks for itself.

18.     Denied.  The Limited Partnership Agreement is a document which speaks for itself.

19.     Denied.  The Limited Partnership Agreement is a document which speaks for itself.

20.     Denied.  After reasonable investigation, Defendants are without knowledge as to Dr. Lieberman's state of mind and on what items he relied upon, if any, to make a decision. As

such, Defendants do not have information sufficient to admit or deny the allegations, and thus, the allegations are denied.  To the extent this paragraph makes allegations regarding the Limited Partnership Agreement and the Subscription Agreement, the allegations are denied as the documents are writings which speak for themselves.

21.     Denied.  After reasonable investigation, Defendants are without knowledge as to Dr. Lieberman's state of mind and on what items he relied upon, if any, to make a decision. As such, Defendants do not have information sufficient to admit or deny the allegations, and thus, the allegations are denied.  To the extent this paragraph makes allegations regarding the Limited Partnership Agreement and the Subscription Agreement, the allegations are denied as the documents are writings which speak for themselves.

22.     Admitted in part, denied in part.  It is admitted that Dr. Lieberman invested in the Fund.  It is denied that the amount is "over $1.5 million."

23.     Denied.  It is specifically denied that Defendants told Dr. Lieberman that he "could voluntarily withdraw from the Fund" at "his discretion," as such withdrawals are subject to the constraints of the governing documents.

24.     Admitted.

25.     Admitted in part, denied in part.  It is admitted that on March 3, 2008, Dr. Lieberman communicated that he would like to withdraw his interest; however, it is specifically denied that Dr. Lieberman properly exercised his right to withdraw under the governing documents.  Even after explicit instruction on how to make a withdraw request, Dr. Lieberman

4

failed to fulfill the requirements of the governing documents.  It is denied that Defendants

informed Dr. Lieberman that the value of the Personal Account was more than $545,000.

26.       Denied.  Dr. Lieberman, on March 3, 2008, did not make a proper request to

withdraw his interest.  Therefore, Defendants did not ignore Dr. Lieberman's instructions.

27.       Admitted in part, denied in part.  It is admitted that Defendants have provided

information regarding the value of Dr. Lieberman's accounts multiple times and the value of the

accounts was $1,753,894 as of December 31, 2008.  It is admitted that Dr. Lieberman advised

Defendants that he wished to withdraw from the Fund.  It is denied that that he properly

exercised his right to withdraw.  By way of further answer, Defendants explained that immediate

liquidation of Dr. Lieberman's accounts was not possible under the governing documents.

28.       Denied.  Defendants replied to Dr. Lieberman in a June 4, 2009 letter and a

September 14, 2009 letter.

29.       Denied.  After reasonable investigation, Defendants are without knowledge as to

Dr. Lieberman's demand, nor can it be adequately identified as the Complaint fails to state

whether it was a verbal or written demand.  As such, Defendants do not have information

sufficient to admit or deny the allegations, and thus, the allegations are denied.

30.       Admitted in part, Denied in part.  It is admitted that Hawk Management LP

drafted a letter to John J. Kenny, Jr. which stated the amounts in the Lieberman Capital Fund as

of December 31, 2008.  To the extent this paragraph makes allegations regarding the content of

that document, the document is a writing which speaks for itself.

31.       Denied.  After reasonable investigation, Defendants are without knowledge as to Dr. Lieberman's demand, nor can it be adequately identified as the Complaint fails to state whether it was a verbal or written demand.  As such, Defendants do not have information sufficient to admit or deny the allegations, and thus, the allegations are denied.  By way of further answer, such demands are subject to the requirements set forth in the governing documents.

32.       Denied.  After reasonable investigation, Defendants are without knowledge as to Dr. Lieberman's demand and any response to the unidentified demand.  By way of further answer, the Complaint fails to allege facts sufficient to identify which defendants "refused" or when defendants "refused."  As such, Defendants do not have information sufficient to admit or deny the allegations, and thus, the allegations are denied.

33.       Denied.  After reasonable investigation, Defendants are without knowledge as to Dr. Lieberman's demand, nor can it be adequately identified as the Complaint fails to state whether it was a verbal or written demand.  As such, Defendants do not have information sufficient to admit or deny the allegations, and thus, the allegations are denied.  By way of further answer, such demands are subject to the requirements set forth in the governing documents.

34.       Denied.  After reasonable investigation, Defendants are without knowledge as to Dr. Lieberman's demand and any response to the unidentified demand.  By way of further answer, the Complaint fails to allege facts sufficient to identify which defendants "ignored or refused" or when defendants "ignored or refused."  As such, Defendants do not have information sufficient to admit or deny the allegations, and thus, the allegation is denied.

## **COUNT I**

35.     Defendants incorporate the responses in the proceeding paragraphs.

36.     Denied.  This paragraph sets forth conclusions of law, to which no response is required.

37.     Denied.  Dr. Lieberman failed to perform all obligations, covenants, and promises under the Limited Partnership Agreement.  This remainder of this paragraph sets forth conclusions of law, to which no response is required.

38.     Denied.  This paragraph sets forth conclusions of law, to which no response is required.

39.     Denied.  This paragraph sets forth conclusions of law, to which no response is required.

## **COUNT II**

40.     Defendants incorporate the responses in the proceeding paragraphs.

41.     Admitted in part, denied in part.   It is admitted that Hawk Management is the general partner of the Fund and performed investment advisory services to the Fund.  The remainder of this paragraph sets forth conclusions of law, to which no response is required, and therefore are denied.

42.     Denied.  This paragraph sets forth conclusions of law, to which no response is required.

DM1\2140614.2

43.         Denied.  This paragraph sets forth conclusions of law, to which no response is required.

44.         Denied.  This paragraph sets forth conclusions of law, to which no response is required.

45.         Denied.  This paragraph sets forth conclusions of law, to which no response is required.

**COUNT III**

46.         Defendants incorporate the responses in the proceeding paragraphs.

47.         Admitted in part, denied in part.  It is admitted that Dr. Lieberman was and still is the owner of his limited partnership interests.  It is denied that Dr. Lieberman is entitled to withdraw from the Fund at his sole discretion, as such withdrawals are subject to the constraints of the governing documents.

48.         Denied.  This paragraph sets forth conclusions of law, to which no response is required.

49.         Denied.  This paragraph sets forth conclusions of law, to which no response is required.

**COUNT IV**

50.         Defendants incorporate the responses in the proceeding paragraphs.

DM1\2140614.2

51.     Denied.  It is denied that Dr. Lieberman is entitled to withdraw from the Fund at his sole discretion, as such withdrawals are subject to the constraints of the governing documents.

52.     Denied.  This paragraph sets forth conclusions of law, to which no response is required.

53.     Denied.  This paragraph sets forth conclusions of law, to which no response is required.

54.     Denied.  This paragraph sets forth conclusions of law, to which no response is required.

55.     Denied.  This paragraph sets forth conclusions of law, to which no response is required.

## COUNT V

56.     Defendants incorporate the responses in the proceeding paragraphs.

57.     Admitted.

58.     Denied.  This paragraph sets forth conclusions of law, to which no response is required.

59.     Denied.  This paragraph sets forth conclusions of law, to which no response is required.

DM1\2140614.2

## COUNT VI

60.     Defendants incorporate the responses in the proceeding paragraphs.

61.     Denied.  This paragraph sets forth conclusions of law, to which no response is required.

62.     Denied.  This paragraph sets forth conclusions of law, to which no response is required.

63.     Denied.  This paragraph sets forth conclusions of law, to which no response is required.

64.     Denied.  This paragraph sets forth conclusions of law, to which no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.      The Complaint fails to state a claim for which relief can be granted as Plaintiff seeks relief that is contrary to the provisions of the governing documents.

### SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff's claims are barred or limited by his own breach of contract, or the breach of contract of his agents, employees, or representatives.

### THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff's claims are barred or limited by the doctrine of estoppel.

DM1\2140614.2

## **FOURTH AFFIRMATIVE DEFENSE**

4.      Plaintiff's claims have been waived in whole or in part by his own conduct or the conduct of his agents, employees, or representatives.

## **FIFTH AFFIRMATIVE DEFENSE**

5.      Plaintiff's claims are barred or limited by the doctrine of accord and satisfaction.


        WHEREFORE, Defendants, having fully answered Plaintiff's Complaint, respectfully request judgment dismissing the Complaint together with costs, attorneys' fees, and disbursements of this action.

                                        Respectfully submitted,

Dated:  April 12, 2010                  DUANE MORRIS LLP

                                By:     __/s/   slk6630_____
                                        Steven L. Friedman
                                        Stephanie L. Kosta
                                        Attorneys for Defendants
                                        Hawk Management L.P., HWC LLC,
                                        David S. Callan, and Richard Scott Williams

DM1\2140614.2

## CERTIFICATE OF SERVICE

I, Stephanie L. Kosta, hereby certify that on April 12, 2010, a copy of the foregoing Answer to the Complaint was made available via the ECF Filing system, for the following:

Robert L. Ebby, Esquire
Hangley, Aronchick, Segal & Pudlin
One Logan Square, 27th Floor
Philadelphia, PA  19103

__/s/__slk6630_____
Stephanie L. Kosta

DM1\2140614.2